IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN DANTE ELDRIDGE, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-21-3200 |
| JOSHUA STACKHOUSE, et al., | * | |
| Defendants. | * | |

\*\*\*
**ORDER**

The verified inmate account statement filed pursuant to this Court's Order by the finance officer at Eastern Correctional Institution ("ECI") reflects a six-month average account balance of $25.36, average monthly deposits of $177.31. (ECF No. 7). The initial partial filing fee will not be required, due to the low account balance of $34.15. (Id.).

Plaintiff Eldridge filed the above-captioned Complaint against Joshua Stackhouse and the Baltimore City Police Department alleging that he was subjected to an illegal search and seizure by Stackhouse on April 30, 2019. (Compl. at 2, ECF No. 1). Eldridge was directed to supplement the Complaint, and provide additional information regarding any criminal action brought against him as a result of the alleged illegal search and seizure. (ECF No. 3). Eldridge filed a supplement and added Brian Costanzo and the State of Maryland as Defendants. (ECF No. 4). Eldridge also provided information to identify relevant criminal proceedings. (Id.). The first identified case is State v. Eldridge, Case No. 119149002 (Balt. City Cir. Ct.). On January 16, 2020, Eldridge entered a guilty plea and

was sentenced. The second identified case is State v. Eldridge, Case No. 110182038 (Balt. City Cir. Ct.). On July 15, 2020, Eldridge pleaded guilty to a violation of probation and was sentenced. See Maryland Judiciary Case Search, https://casesearch.mdcourts.gov/casesearch/.

Generally, claims against police officers may not proceed if plaintiff was convicted on the underlying charges involving the search. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) (42 U.S.C. § 1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed). However, a Fourth Amendment claim does not necessarily imply that the underlying conviction is unlawful, where "(1) the conviction derives from a guilty plea rather than a verdict obtained with unlawfully obtained evidence, and (2) the plaintiff does not plead facts inconsistent with guilt." Covey v. Assessor of Ohio Cty., 777 F.3d 186, 197 (4th Cir. 2015) (citing Heck, 512 U.S. at 487 n.7). "A valid conviction can still result after an improper search when doctrines such as independent source, inevitable discovery, or harmless error would alleviate the effect of the improper search." Id. Because Eldridge was convicted based on his guilty pleas, the claims may proceed at this juncture against Stackhouse and Costanzo.

Eldridge's claims against the Baltimore City Police Department, however, cannot be maintained. Section 1983 permits the filing of a civil action against a "person" acting under color of state law who causes a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." City of Canton v. Harris, 489 U.S. 378, 385 (1989)

(emphasis in original). A local government such as a county "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). "Section 1983 plaintiffs seeking to impose liability on a municipality must, therefore, adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994).

Eldridge makes only a conclusory statement that he "was target[ed] by the Baltimore City Police Department because they know I am a Rap Artis[t]." (Compl. at 2). Although district courts have a duty to construe self-represented pleadings liberally, a plaintiff must nevertheless allege facts that state a cause of action. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Eldridge has asserted no facts from which the Court could infer municipal liability on the part of the Baltimore City Police Department. Claims against the Baltimore City Police Department will be dismissed without prejudice.

In addition, Eldridge has named the State of Maryland as a Defendant. (Supp. at 1, ECF No. 4). Eldridge states that it was the "State of Maryland" who filed the complaint in Baltimore City Court against him. (Id. at 3). Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and its departments are immune from citizen suits

in federal court for damages absent state consent or Congressional action. See <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984). The State of Maryland has not waived such immunity for claims brought under § 1983. See <u>Pevia v. Hogan</u>, 443 F.Supp.3d 612, 632 (D.Md. 2020). The State of Maryland is immune from suit for this claim and will be dismissed as a party.

Accordingly, it is this 16th day of February, 2023, by the United States District Court for the District of Maryland, hereby:

ORDERED that the initial partial filing fee SHALL be WAIVED;

IT IS FURTHER ORDERED that in accordance with the provisions of 28 U.S.C. § 1915(b)(2), Eldridge shall MAKE monthly payments of 20% of each preceding month's income credited to his account as continued partial payments on the $350.00[1] filing fee;

IT IS FURTHER ORDERED that the parties ARE REMINDED that self-represented prisoner litigants need not serve pleadings on opposing counsel by mail pursuant to Local Rule 112.2(c) (D.Md. 2021);

IT IS FURTHER ORDERED that the Finance Officer at MCIH, where Plaintiff is presently incarcerated, SHALL FORWARD the above-described payments from Plaintiff's inmate account to the Clerk each time the amount in Plaintiff's inmate account exceeds $10.00 until the $350.00 filing fee is paid in full;

---

[1] As Plaintiff has been granted leave to proceed in forma pauperis under the Prison Litigation Reform Act, the additional $52 administrative fee shall not be assessed.

IT IS FURTHER ORDERED that, to aid Plaintiff and those persons having custody of Plaintiff in complying with the requirements of this Order, the Clerk SHALL MAIL a copy of this Order to the Finance Officer at MCIH where Plaintiff is currently in custody;

IT IS FURTHER ORDERED that except to the extent that payment is required under this Order, the Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff IS CAUTIONED that his failure to comply with this Order will result in dismissal of this case without further notice from the Court;

IT IS FURTHER ORDERED that Plaintiff SHALL NOTIFY the Court of any change of address during the pendency of this action pursuant to Local Rule 102.1.b.iii (D.Md. 2021);

IT IS FURTHER ORDERED that if defense counsel has some question regarding Plaintiff's indigency, counsel is to notify the Court;

IT IS FURTHER ORDERED that the claims against the State of Maryland ARE DISMISSED, and the State of Maryland IS DISMISSED from this action;

IT IS FURTHER ORDERED that the claims against the Baltimore City Police Department ARE DISMISSED WITHOUT PREJUDICE, and the Baltimore City Police Department IS DISMISSED from this action;

IT IS FURTHER ORDERED that the Clerk SHALL MAIL a copy of this Order, the Complaint (ECF No. 1), the Supplement to the Complaint (ECF No. 4), and any Case

Management Order previously issued in this case to Baltimore City Solicitor James L. Shea, City Hall, 100 N. Holliday Street, Room 101, Baltimore, Maryland 21202;

IT IS FURTHER ORDERED that if service on behalf of Defendants is NOT accepted, counsel or a designated representative SHALL NOTIFY this Court in writing after receipt of all documents and the Clerk shall cause process to promptly issue;

IT IS FURTHER ORDERED that if service is accepted, counsel SHALL promptly enter an appearance on behalf of the parties for whom service is accepted and respond to the Complaint;

IT IS FURTHER ORDERED that if service is NOT accepted on behalf of any Defendant because they no longer work for the Baltimore City Police Department, counsel SHALL FILE under SEAL the last known home or business address for any such Defendant for the sole purpose of service of process or, in the alternative, provide a statement regarding why the address(es) are not available.  Given confidentiality considerations, personal information regarding all home and business addresses shall immediately be placed under seal by the Clerk;

IT IS FURTHER ORDERED that the Clerk SHALL OTHERWISE WITHHOLD service as to Defendants; and

IT IS FURTHER ORDERED that the Clerk SHALL SEND a copy of this Order to Plaintiff.

_____/s/_____
George L. Russell, III
United States District Judge